UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

EDNA OVILMAR and DIEUMENE VILME,
on behalf of themselves and all similarly situated individuals,

    Plaintiffs,
vs.

SOUTH FLORIDA NURSING SERVICES, INC.,
a Florida corporation, and ROBERT HARRIS, individually,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiffs, EDNA OVILMAR ("OVILMAR") and DIEUMENE VILME ("VILME") (collectively "Plaintiffs"), individually and as class representatives for all others similarly situated, and for their cause of action against Defendants, SOUTH FLORIDA NURSING SERVICES, INC., a Florida corporation ("SFNS"), and ROBERT HARRIS ("HARRIS") individually, state:

## THE PARTIES

1. Plaintiff, OVILMAR, is an individual residing in Palm Beach County, Florida over the age of eighteen (18) and otherwise sui juris.

2. Plaintiff, VILME, is an individual residing in Palm Beach County, Florida over the age of eighteen (18) and otherwise sui juris.

3. Defendant, SFNS, is a Florida for profit corporation with its principal place of business in Palm Beach County, Florida and doing business as a home healthcare provider to individuals throughout South Florida.

4. Upon information and belief, Defendant, HARRIS, at all time's material, was and is a resident of Palm Beach County, Florida.

Case 9:19-cv-80792-DMM   Document 1   Entered on FLSD Docket 06/17/2019   Page 2 of 13

Edna Ovilmar and Dieumene Vilme, on behalf of themselves and all similarly situated individuals
v. South Florida Nursing Services, Inc., a Florida corporation, and Robert Harris, individually
Complaint for Damages
Page 2

5. Upon information and belief, HARRIS, at all time's material, also was and is the majority shareholder, and/or officer and/or director and/or manager of SFNS.

6. Upon information and belief, HARRIS, at all times hereto was responsible for running the company's day to day operations. In this regard, HARRIS, individually or through those under his direction and control:

    a. Had the power to hire, fire and discipline Plaintiffs and others similarly situated;

    b. Supervised and directed the work of Plaintiffs and others similarly situated;

    c. Determined rates of pay and method of compensation for Plaintiffs and others similarly situated

    d. Set and or approved the hours of work for Plaintiffs and others similarly situated; and

    e. Had control over the FLSA violations alleged below. As a result, at all times material HARRIS acted directly or indirectly in the interest of an employer within the meaning of §203(d) of the FLSA and is personally liable for the FLSA violations allege below.

7. OVILMA was a Certified Nursing Assistant employed by Defendants and provided home health care services to clients of SFNS throughout South Florida for approximately seven (7) years through approximately March 19, 2019.

Case 9:19-cv-80792-DMM   Document 1   Entered on FLSD Docket 06/17/2019   Page 3 of 13

Edna Ovilmar and Dieumene Vilme, on behalf of themselves and all similarly situated individuals
v. South Florida Nursing Services, Inc., a Florida corporation, and Robert Harris, individually
Complaint for Damages
Page 3

8. VILME was a Certified Nursing Assistant employed by Defendants and provided home health care services to clients of SFNS throughout South Florida for approximately three (3) years through approximately March 19, 2019.

9. Plaintiffs by filing this action have and do consent to be parties to the Fair Labor Standards Act ("FLSA") claims of this action pursuant to 29 U.S.C. § 216(b).

10. Plaintiffs and other class members are covered employees within the meaning of the FLSA.

11. Defendants have operated and continue to operate SFNS located in Palm Springs, Palm Beach County, Florida.

12. Defendants are Plaintiffs' and the putative class' "employer" within the meaning of that term under the FLSA, and/or Defendants are engaged with other entities or individuals in an enterprise subjecting it to the provisions of the FLSA with regard to Plaintiff's and the putative class' employment.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

14. In addition, this Court has jurisdiction over Plaintiffs' and class members' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15. This Court may issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202.

16. Venue is proper in the Southern District of Florida, pursuant to 29 U.S.C. §1391.

Case 9:19-cv-80792-DMM   Document 1   Entered on FLSD Docket 06/17/2019   Page 4 of 13

Edna Ovilmar and Dieumene Vilme, on behalf of themselves and all similarly situated individuals
v. South Florida Nursing Services, Inc., a Florida corporation, and Robert Harris, individually
Complaint for Damages
Page 4

17. Defendants have substantial contacts and operate a home health care business in the Southern District of Florida and are subject to personal jurisdiction of this Court.

18. Defendants are engaged in interstate commerce and have annual gross volume of sales in excess of $500,000.00.

19. Plaintiffs and all similarly situated employees are employees directly engaged on a regular basis in interstate commerce or the production and/or sale of goods or services for interstate commerce.

20. Plaintiffs, as home health care providers, are specifically covered by the provisions of the FLSA that require the payment of a minimum wage and overtime wages.

21. Plaintiffs bring this action for unpaid wages on behalf of themselves and other similarly situated current and former home health care providers of Defendants.

**GENERAL ALLEGATIONS**

22. Plaintiffs bring this action on behalf of themselves and all other similarly situated non-exempt employees, specifically Certified Nursing Assistants (CNA's) or other employees of Defendants that were not paid the required overtime wage and/or performed more than 40 hours of work on and/or off the clock but were not paid one and one half times their hourly rate for all hours worked beyond forty within any work week in accordance with the standard policy of Defendants not to pay an overtime premium for any hours worked beyond forty within any work week.

23. Defendants require and required Plaintiffs and the Class Members who are CNA's or home health care providers to perform more than 40 hours of work on and/or off the clock

Case 9:19-cv-80792-DMM   Document 1   Entered on FLSD Docket 06/17/2019   Page 5 of 13

Edna Ovilmar and Dieumene Vilme, on behalf of themselves and all similarly situated individuals
v. South Florida Nursing Services, Inc., a Florida corporation, and Robert Harris, individually
Complaint for Damages
Page 5

during any given work week but were not paid the required overtime premium for all hours worked beyond forty within any work week in accordance with the standard policy of not paying an overtime premium for any hours worked including those beyond forty within any work week, as such, Defendants failed to pay them a wage as required under the FLSA, 29 U.S.C. 201 et. seq.

24. Defendants have and continue to willfully violate the FLSA by not paying Plaintiffs and the Class Members proper wages.

25. Defendants, individually and/or through an enterprise, have willfully engaged in a pattern and/or practice of unlawful conduct by failing to pay the required overtime premium earned on or off the clock to the Plaintiffs and all Class Members who are non-exempt Hourly Employees, and thus have willfully failed to pay employees the required overtime wage for hours worked in excess of 40 per work week.

26. Plaintiffs bring this action on behalf of themselves and the Class Members pursuant to the Fair Labor Standards Act 29 U.S.C. §§ 201 et seq., and specifically the collective action provision of 29 U.S.C.§ 216(b), to remedy violations of the wage-and-hour provisions of the FLSA, that have deprived Plaintiffs and the Class Members of proper pay.

27. Defendants individually and/or through an enterprise, directed and exercised control over Plaintiffs' and other Class Members' work at all relevant times.

28. Plaintiffs' and other Class Members' work was/is performed pursuant to Defendants' guidelines.

29. Plaintiffs and the Class Members are not subject to an exemption under the FLSA.

Case 9:19-cv-80792-DMM   Document 1   Entered on FLSD Docket 06/17/2019   Page 6 of 13

Edna Ovilmar and Dieumene Vilme, on behalf of themselves and all similarly situated individuals
v. South Florida Nursing Services, Inc., a Florida corporation, and Robert Harris, individually
Complaint for Damages
Page 6

## COUNT I - FAIR LABOR STANDARDS ACT VIOLATION

30. Plaintiffs incorporate the allegations contained in paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiffs bring this action on behalf of themselves and all other similarly situated hourly paid employees specifically CNA's or home health care providers of Defendants that were not paid the required overtime premium wage and/or performed more than 40 hours of work on and/or off the clock but were not paid one and one half times their effective hourly rate for all hours worked beyond forty within any work week in accordance with the standard policy of Defendants not to pay an overtime premium for any hours worked beyond forty within any work week.

32. The work of the Plaintiffs was and/or is essentially the same as the work of the Class Members described above.  At all times during the FLSA class period, all of the Employee Class Members were paid in substantially the same manner and under substantially the same employment guidelines and practices as the Plaintiffs.

33. Upon information and belief, and the records in Plaintiff's custody, Plaintiff, OVILMAR, for the work week ending September 7, 2018 through the work week ending March 19, 2019, worked 394.5 hours of overtime for which she was not paid an overtime premium. Plaintiff's hourly rate during this period of time was $10.00 per hour.  She was not paid the overtime premium for any of the 394.5 hours of overtime worked and is thus due and owed $1,972.50 as unpaid overtime and an equal amount as liquidated damages, plus reasonable attorneys' fees and costs.

Case 9:19-cv-80792-DMM   Document 1   Entered on FLSD Docket 06/17/2019   Page 7 of 13

Edna Ovilmar and Dieumene Vilme, on behalf of themselves and all similarly situated individuals
v. South Florida Nursing Services, Inc., a Florida corporation, and Robert Harris, individually
Complaint for Damages
Page 7

34. Upon information and belief and the records in Plaintiff's custody, Plaintiff, VILME, for the work week ending February 23, 2018 through the work week ending March 19, 2019, worked 148.0 hours of overtime for which she was not paid an overtime premium. Plaintiff's hourly rate during this period of time was $10.00 per hour. She was not paid an overtime premium for any of the 148.0 hours of overtime worked and is thus due and owed $740.00 as unpaid overtime and an equal amount as liquidated damages, plus reasonable attorneys' fees and costs.

35. The Class Members, like the Plaintiffs, are or were all subject to the same policy and/or practice whereby the Defendants willfully failed to record, credit, or compensate work performed by the Class Members at the required overtime rate for all hours beyond forty hours in a work week.

36. The Defendants' refusal to pay Plaintiffs and the Class Members for hours knowingly worked at the required wage of one and one half their effective hourly rate of pay was and is repeated, willful and intentional.

37. Plaintiffs and the Class Members have been damaged in the amount of difference between the wages they were actually paid and the amount of the wages they should have been paid pursuant to the FLSA and regulations adopted there under.

38. Defendants' refusal to pay Plaintiffs and the Class Members for all hours worked including any hours in excess of 40 per work week at the required wage of one and one half times their effective hourly rate violated 29 U.S.C. §§ 201, et. seq.

Case 9:19-cv-80792-DMM   Document 1   Entered on FLSD Docket 06/17/2019   Page 8 of 13

Edna Ovilmar and Dieumene Vilme, on behalf of themselves and all similarly situated individuals
v. South Florida Nursing Services, Inc., a Florida corporation, and Robert Harris, individually
Complaint for Damages
Page 8

39. The Defendants' violations of 29 U.S.C.§§ 201, et. seq. were repeated, willful and intentional.

40. Plaintiffs and the Class Members are entitled to liquidated damages in an amount equal to the amount of lost wages as set forth in 29 U.S.C. §201, et. seq.

41. Plaintiffs and the Class Members are entitled to reasonable attorney's fees and costs of this action as set forth in 29 U.S.C. §201, et. seq.

WHEREFORE, Plaintiffs, EDNA OVILMAR and DIEUMENE VILME, on behalf of themselves and all similarly situated individuals, pray this Court enter Judgment against the Defendants, SOUTH FLORIDA NURSING SERVICES, INC., a Florida corporation, and ROBERT HARRIS, individually, and for the Class Members in an amount that is fair and reasonable under the circumstances, enjoining Defendants from further violations of the Fair Labor Standards Act, for the costs of this action, attorney's fees, liquidated damages, prejudgment interest thereon from the date the employee was owed the wages, and for such other and further relief as is necessary and proper.

## COUNT II – BREACH OF CONTRACT – UNPAID WAGES

42. The Plaintiffs reassert and re-allege the allegations contained within paragraphs 1 through 29 as if the same were more fully set forth herein.

43. Defendants have failed and refused to pay Plaintiffs the agreed hourly wages for all hours worked for the time periods as specifically set forth herein, particularly:

Edna Ovilmar and Dieumene Vilme, on behalf of themselves and all similarly situated individuals
v. South Florida Nursing Services, Inc., a Florida corporation, and Robert Harris, individually
Complaint for Damages
Page 9

a. Plaintiff, VILME, worked and was not paid any wages at the agreed to wage for the following work weeks as she was instead issued worthless checks in the indicated amounts:

| CHECK # | DATE OF CHECK | WORK WEEK ENDING | AMOUNT OF CHECK |
|---|---|---|---|
| 55090 | 04/12/19 | 04/05/19 | $249.74 |
| 55072 | 04/05/19 | 03/29/19 | $391.39 |
| 55052 | 03/29/19 | 03/22/19 | $356.79 |

b. Plaintiff, OVILMAR, worked and as not paid any wages at the agreed to wage for the following work weeks as she was instead issued worthless checks in the indicated amounts:

| CHECK # | DATE OF CHECK | WORK WEEK ENDING | AMOUNT OF CHECK |
|---|---|---|---|
| 55110 | 04/19/19 | 04/12/19 | $156.99 |
| 55092 | 04/12/19 | 04/05/19 | $473.15 |
| 55074 | 04/05/19 | 03/29/19 | $473.15 |
| 55054 | 03/29/19 | 03/22/19 | $473.15 |

44. In addition to those amounts set forth in Count I, Plaintiff, OVILMAR, is due and owed the sum of $1,576.44 as unpaid and agreed to and fully earned wages.

45. In addition to those amounts set forth in Count I, Plaintiff, VILME, is due and owed the sum of $997.92 as unpaid and agreed to and fully earned wages.

46. Pursuant to Fla. Stat. §448.08, Plaintiffs are entitled to an award of reasonable attorneys' fees and costs in having to bring and maintain this claim for unpaid wages.

WHEREFORE, Plaintiffs, EDNA OVILMAR and DIEUMENE VILME, respectively request this Honorable Court:

A. Enter an Order for damages for unpaid wages against each Defendant;

Case 9:19-cv-80792-DMM   Document 1   Entered on FLSD Docket 06/17/2019   Page 10 of 13

Edna Ovilmar and Dieumene Vilme, on behalf of themselves and all similarly situated individuals
v. South Florida Nursing Services, Inc., a Florida corporation, and Robert Harris, individually
Complaint for Damages
Page 10

B. Enter an Order awarding attorneys' fees and costs pursuant to Fla. Stat. §448.08;

C. Enter an Order awarding Plaintiffs pre and post judgment interest upon all monies due and award it from the date they became due; and

D. Grant any further relief that his Court deems just and proper.

## COUNT III (UNJUST ENRICHMENT)

47. Plaintiffs reassert and reallege the allegations contained within paragraphs 1 through 29, and 43 through 45, as if the same were more fully set forth herein.

48. As a result of services rendered by Plaintiffs in the form of home health care services to Defendants' clients, Defendants have been unjustly enriched in the amount of the unpaid overtime wages as set forth in paragraphs 33 and 34 and unpaid wages due and owed Plaintiffs in the total sum of $1,576.44 for OVILMAR and $997.92 for VILME as set forth in paragraph 43.

49. The Defendants fully accepted the benefits of all services rendered and performed by Plaintiffs and in fact sought and obtained re-imbursement in excess of the agreed to value of all services rendered from third party insurers and has retained such monies for their own benefit.

50. Defendants have failed to pay or compensate Plaintiffs for the home health care services rendered.

51. Defendants have been unjustly enriched in the amount of unpaid overtime wages as set forth in paragraphs 33 and 34 and unpaid wages in the amount of $1,576.44 for OVILMAR and $997.92 for VILME.

Case 9:19-cv-80792-DMM   Document 1   Entered on FLSD Docket 06/17/2019   Page 11 of 13

Edna Ovilmar and Dieumene Vilme, on behalf of themselves and all similarly situated individuals
v. South Florida Nursing Services, Inc., a Florida corporation, and Robert Harris, individually
Complaint for Damages
Page 11

WHEREFORE, the Plaintiffs, EDNA OVILMAR and DIEUMENE VILME, respectively request this Honorable Court:

A. Enter an Order for damages in the amount of $3,548.94 in favor of OVILMAR and $1,737.92 in favor of VILME.

B. Enter an Order awarding pre and post judgment interest upon all monies due and awarded from the time they became due; and

C. Grant any further relief that this Court deems just and proper.

### COUNT III – FLSA RETALIATION

52. Plaintiffs re-allege and reassert the allegations contained within paragraphs 1 through 29 as if the same were more fully set forth herein.

53. The Plaintiffs bring this action to recover damages for illegal retaliation in violation of the Fair Labor Standards Act, as amended, 29 USC §216(b).

54. At all times relevant the Defendants were charged with the responsibility of paying wages to Plaintiffs in accordance with the requirements of the FLSA.

55. Defendants are an employer as defined by the Fair Labor Standards Act.

56. Throughout the course of their employment with Defendants, Plaintiffs objected to the fact that they were not paid the mandated wage or overtime as required by the FLSA.

57. Defendants responded to Plaintiffs' objections by advising that they do not pay overtime and/or that it was company policy not to pay the same and refused to tender payment for wages earned by issuing worthless, dishonored checks.

Case 9:19-cv-80792-DMM   Document 1   Entered on FLSD Docket 06/17/2019   Page 12 of 13

Edna Ovilmar and Dieumene Vilme, on behalf of themselves and all similarly situated individuals
v. South Florida Nursing Services, Inc., a Florida corporation, and Robert Harris, individually
Complaint for Damages
Page 12

58. Plaintiffs continually demanded that they be paid all overtime pay and wages due them as required under the Fair Labor Standards Act and Defendants continued to deny any such requests and fired them for making such request and demands.

59. As a direct result of Plaintiffs' continued opposition and objection to violations of the wage and overtime laws, Plaintiffs were targeted for termination and were thereafter terminated on or about March 19, 2019.

60. Defendants' termination of Plaintiffs was proximately related to and/or in retaliation for seeking to be paid the required wage and/or overtime they earned and were due and owed in accordance with the terms of the Fair Labor Standards Act and thus in direct violation of the same.

61. As a result of Defendants' retaliatory acts, Plaintiffs suffered damages in the form of lost wages both past and into the future.

62. Plaintiffs have retained the services of the undersigned counsel in this matter and has agreed to pay them a reasonable fee for all services rendered.

63. Plaintiffs are entitled to damages, liquidated damages, recovery of their attorneys' fees and costs as allowed by law and declaratory relief in accordance with the Fair Labor Standards Act.

WHEREFORE, Plaintiffs, EDNA OVILMAR and DIEUMENE VILME, individually each demand judgment against Defendants, SOUTH FLORIDA NURSING SERVICES, INC., a Florida corporation, and ROBERT HARRIS, for payment of all damages allowed by law, liquidated damages, injunctive and declaratory relief preventing any further violations and

Case 9:19-cv-80792-DMM   Document 1   Entered on FLSD Docket 06/17/2019   Page 13 of 13

Edna Ovilmar and Dieumene Vilme, on behalf of themselves and all similarly situated individuals
v. South Florida Nursing Services, Inc., a Florida corporation, and Robert Harris, individually
Complaint for Damages
Page 13

reasonable attorneys' fees and costs of suit, and for all other proper relief including pre-judgment interest.

## DEMAND FOR JURY TRIAL

Plaintiffs on behalf of themselves and on behalf of all other similarly situated individuals demand a trial by jury on all issues and claims so triable.

CHRISTOPHER C. COPELAND, P.A.
1003 W. Indiantown Road, Suite 208
Jupiter, FL 33458
561-691-9048 (office)
866-259-0719 (fax)
Primary e-mail:  Chris@CopelandPA.com
Secondary e-mail:  Carla@CopelandPA.com

/s/ Christopher C. Copeland
CHRISTOPHER C. COPELAND
Florida Bar #938076
*Attorney for Plaintiffs*
